IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH COUNCIL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-00613-L (BT) |
| | § | |
| BRENDA BATTLE, et al. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kenneth Council filed this *pro se* civil rights action on March 17, 2021. *See* (ECF No. 3). He filed an amended complaint on April 15, 2021. *See* (ECF No. 6).[1] The Court granted Council leave to proceed *in forma pauperis* and withheld issuance of service pending judicial screening. *See* (ECF No. 8). For the following reasons, the Court should dismiss Council's failure-to-prosecute claims against Defendants Ken Paxton in his individual capacity and against Craig Watkins, and John Creuzot for lack of standing. The Court should dismiss Council's remaining claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] Council's amended complaint supersedes the original complaint and is the operative complaint for screening purposes. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.") (citation omitted).

1

## Background

Council's amended complaint centers on the alleged kidnapping of his children by Defendants Brenda and Tim Battle ("the Battles").[2] Council avers that the Battles removed Council's children from Texas in violation of a court order and in violation of Texas Penal Code section 25.03, which, generally, prohibits taking or retaining a child in violation of a court custody order. *See* (ECF No. 6 at 8). Council claims that, in June 2014, the Battles conspired with Defendants Stephens and Sgt. Joe Doe of the Dallas Police Department to have Council arrested and held in jail for 72 hours so that they could effectuate the kidnapping. (*Id.* at 9). The Battles then kept Council's children in a dangerous out-of-state environment where they were, among other things, "beaten, raped, and at least one thrown into the streets." (*Id.* at 10).

Defendant Craig Watkins, the former Dallas County District Attorney, failed to prosecute the Battles for violating section 25.03, despite Council making over 21 in-person reports to Dallas County police officers, Mesquite police officers, and the Dallas County District Attorney's office notifying them that the Battles were criminals engaged in the ongoing violation of section 25.03. *See* (*Id.* at 9). Defendant Watkins's actions in this regard allegedly "aided and abetted the Battles in their insidious quest to deprive

---

[2] The Battles relationship to Council is not clear. At one point, Council refers to Brenda Battle as Brenda Council. *See* (ECF No. 6 at 11).

2

Council of his fundamental right to fatherhood and the Council's [sic] children's fundamental right to develop a relationship with their biological father." (*Id.*). Defendant Watkins, by failing to enforce Texas Penal Code section 25.03, allegedly "acted in criminal violation of Council's fundamental rights . . . ." (*Id.*).

Council also notified Dallas County District Attorney Defendant John Creuzot—Defendant Watkins's successor—that the Battles had engaged in, and were continuing to engage in, the felony offense violation of section 25.03. *See* (*Id.* at 11). Council provided Defendant Creuzot with "criminal complaints and criminal affidavits reporting that Council and his children were the victims of domestic abuse and domestic violence (by the Battles)." (*Id.*). But Defendant Creuzot, like Defendant Watkins, refused to act, depriving Council and his children of equal protection and due process. *See* (*Id.*).

Defendants Jane and Joe Doe 1 and Jane and Joe Doe 2 allegedly worked at the "child support" offices in Dallas and Austin. *See* (*Id.*) Council notified them that the Battles were in illegal custody of his children, which precluded the State from seeking child support payments from him. *See* (*Id.* at 11-12). These Defendants, however, indicated that neither Dallas County nor the State Disbursement Unit ("SDU") helped to retrieve children; instead, SDU existed only to collect money in the form of child support payments. *See* (*Id.*). Council claims that this stance on the part of the Jane

3

and Joe Doe Defendants violated his "constitutional right to due process and equal protection under the law." (*Id.*)

Council also sent Texas Attorney General Defendant Ken Paxton numerous letters and emails requesting the enforcement of section 25.03 and provided Paxton with information that the Battles had engaged in illegal "parental kidnapping" by removing Council's children from Texas in violation of a court order. *See* (*Id.* at 8). But Defendant Paxton failed to respond to Council, thereby denying Council "due process and equal protection of the law in Texas." (*Id.*).

Council alleges that Defendant Paxton should have known that the state of Texas imposed wage garnishment penalties against Council without giving him the required notice, in violation of due process. *See* (*id.*). Indeed, Defendant Paxton, as the head of the Texas Child Support Division, should have known that a Dallas County judge entered a child support order against Council without proper notice in 2011 or 2012. *See* (*id.*).

By this action, Council seeks approximately $9 million in monetary relief. *See* (*Id.* at 15).

## Legal Standards

Under 28 U.S.C. § 1915(e)(2)(B), a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune

4

from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputably meritless legal theory or when the factual contentions are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

## Analysis

A. <u>The Eleventh Amendment bars Council's claims for monetary relief against Defendant Paxton and the Jane and Joe Doe defendants with the SDU in their official capacities.</u>

"The Eleventh Amendment prohibits a private citizen from bringing suit against a state in federal court unless the state consents." *Daigle v. Gulf State Utilities Co., Local Union Number 2286*, 794 F.2d 974, 980 (5th Cir. 1986) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 (1890)). This prohibition applies with full force to agencies of the state. *See Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). And "the principle of state-sovereign immunity generally precludes actions against state officers in their official capacities . . ." *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004). A suit against an official in his or her official capacity "is no different from a suit against the state itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). An exception to Eleventh

5

Amendment immunity exists when suit is brought against a state officer, in his official capacity, seeking prospective relief to enjoin an ongoing violation of federal law. *Ex Parte Young*, 209 U.S. 123 (1908).

Here, Council only seeks monetary relief; therefore, his claims against Defendant Paxton in his official capacity must be dismissed under the Eleventh Amendment. *See Anderson v. Abbott*, 83 F. App'x 594 (5th Cir. 2003) (noting that "the Attorney General is immune from suit in federal court under the Eleventh Amendment"); *Paup v. Texas*, 2017 WL 1129906, at *3 (E.D. Tex. Mar. 27, 2017) (Attorney General Paxton is an arm of the State entitled to raise sovereign immunity). Similarly, his claims against the Jane and Joe Doe Defendants must be dismissed. These defendants are employees with the Texas Attorney General's Office—an arm of the state of Texas for Eleventh Amendment purposes.[3] *See Walker v. Texas, Office of Atty. Gen.*, 217 F.Supp.2d 776, 779 (E.D. Tex. 2002) (citation omitted). Again, when state employees are sued in their official capacities for

---

[3] The Texas SDU was established in accordance with the restructuring of federal welfare programs, namely, the enactment of the Personal Responsibility and Work Opportunity Reconciliation Act. ("PRWORA"). The PRWORA mandates that states establish agencies to operate a unit, known as the "State disbursement unit" for the collection and disbursement of payments under support orders. *See* 42 U.S.C. § 654b(a)(1)(A)(B). The PRWORA further requires that the "State disbursement unit" be "operated directly by the State agency." 42 U.S.C. § 654(a)(2)(A). The Texas legislature designated the Attorney General as the agency in Texas responsible for the operation of the SDU. *See O'Donnell v. Abbott*, 393 F.Supp.2d 508, 512 (W.D. Tex. 2005)

monetary damages, they are entitled to the same immunity enjoyed by the State. *See Will*, 491 U.S. at 71.

B. Council's allegations against the state defendants in their individual capacities fail due to a lack of standing or a failure to state a claim for relief.

The Eleventh Amendment does not preclude claims against Defendant Paxton or the Jane and Joe Doe Defendants in their individual capacities. But Council's individual capacity claims against these Defendants should still be dismissed.

Council claims that Defendant Paxton is liable for failing to enforce section 25.03. But Council lacks the standing to pursue such a claim. In *Lina R.S. v. Richard D.*, 410 U.S. 614 (1973), the Supreme Court determined that a person has no cognizable interest in the government's prosecution (or non-prosecution) of another. *See id.* at 619. Thus, to the extent Council's claims against Defendant Paxton are premised upon Paxton's alleged failure to enforce section 25.03, Council lacks the standing to pursue them.

And to the extent that Council's claims against Defendant Paxton relate to the alleged state-imposed garnishment, the allegations likewise fail to state a claim. To state an individual-capacity claim under 42 U.S.C. § 1983, a plaintiff must allege that, while acting under color of state law, a defendant was personally involved in the deprivation of a right secured by the laws or Constitution of the United States, or that the defendant's wrongful actions were causally connected to such a deprivation. *James v. Texas Collin*

7

*County*, 535 F.3d 365, 373 (5th Cir. 2008). But Council fails to allege that Defendant Paxton had any personal involvement in the supposedly unconstitutional decision to impose garnishment penalties against him. So, any allegations against Defendant Paxton arising from the garnishment penalty fail to state a claim.

Turning to the Jane and Joe Doe Defendants, the purported basis for liability is unclear. Council claims only that these Defendants informed him that the purpose of the SDU was to collect money and not to further the well-being of children. Council claims that this action violated his due process and equal protection rights, but these are conclusory allegations that fail to state a claim. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (noting that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss"); *see also Flemings v. City of Dallas*,2010 WL 3938377, at *6 (N.D. Tex. Aug. 21, 2010) (citing *Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987)) (stating that "Plaintiffs who assert claims under 42 U.S.C. § 1983 and other civil rights statutes . . . must plead the operative facts upon which their claim is based. Mere conclusory allegations are insufficient.").

C.  <u>Council's allegations against Defendants Watkins and Creuzot fail to state a claim.</u>

Council sues Defendants Watkins and Creuzot because they allegedly failed to prosecute the Battles for their supposed violation of section 25.03.

But, for the same reasons that Council lacks standing to sue Defendant Paxton for failing to initiate criminal proceedings, he lacks standing to sue Defendants Watkins and Creuzot for failing to prosecute the Battles for supposed criminal violations.

And even if Council had standing to make such a claim, prosecutors are "absolutely immune from § 1983 suits in their individual capacities for actions that are within the scope of their prosecutorial duties." *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009) (citing *Brooks v. George County, Miss.*, 84 F.3d 157, 168 (5th Cir. 1996) (citing, in turn, *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). "Prosecutorial immunity has been extended to a prosecutor's actions in initiating, investigating, and pursuing a criminal prosecution." *Quinn*, 326 F. App'x at 292 (citation omitted). "The decision to file or not file criminal charges is protected by prosecutorial immunity." *Id.* (citing *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990)). Council's individual capacity claims against Defendants Watkins and Creuzot for failing to initiate criminal proceedings against the Battles are thus precluded by prosecutorial immunity.

Prosecutorial immunity does not extend to official capacity claims. But a suit against a government official in his official capacity is the equivalent of filing suit against the government agency of which the official is an agent. *Monell v. New York City Dep't of Soc. Serv, of City of New York*, 436 U.S. 658, 691 n.55 (1978). So, the claims against Dallas County District

Attorneys Creuzot and Watkins are, in effect, claims against the Dallas County District Attorney's Office. And "a plaintiff asserting a Section 1983 claim against a municipal official in his official capacity or a Section 1983 claim against a municipality 'must show that the municipality has a policy or custom that caused his injury.'" *Wearry v. Perrilloux*, 391 F.Supp.3d 620, 625 (M.D. La. 2019) (citing *Parm v. Schumate*, 513 F.3d 135, 142 (5th Cir. 2007)). A plaintiff must allege either of the following to establish an "official policy:"

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated the policymaking authority; or

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984).

Council fails to include any allegations of a policy or custom that caused his constitutional injuries. So, his official capacity claims against Defendants Watkins and Creuzot should be dismissed, as well.

D. Council's allegations against Defendants Stephens and Sgt. Joe Doe fail to state a claim.

Council sues Defendants Stephens and Sgt. Joe Doe—both officers with the Dallas Police Department—for allegedly conspiring with the Battles to have him arrested in 2014. The statute of limitations, however, bars this claim, as more than two years have elapsed since the events giving rise to Council's claims occurred. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (state forum's personal injury statute of limitations applies in section 1983 cases); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (section 1983 actions in Texas are governed by the two-year personal injury limitations period; courts can raise affirmative defense of statute of limitations *sua sponte* in *in forma pauperis* actions).

Even were the claims not barred by the statute of limitations, however, to the extent that Council sues Defendants Stephens and Sgt. Joe Doe in their official capacities, such suit is actually against the City of Dallas. But Council fails to include any allegations of a policy or custom of the City of Dallas necessary to sustain such a claim. And as for Council's individual capacity claims, Council fails to include any factual allegations to support his claim of a conspiracy. "Mere conclusory allegations of conspiracy cannot, absent reference to material facts, state a substantial claim of federal conspiracy under 42 U.S.C. § 1983." *Hale v. Harney*, 786 F.2d 688, 690 (5th

11

Cir. 1986) (internal quotation omitted). Thus, Council's conspiracy claims against Defendants Stephens and Sgt. Joe Doe should be dismissed.

E. <u>Council's claims against the Battles are precluded because they are not state actors.</u>

Council's claims against the Battles should be dismissed because they are not state actors for purposes of section 1983, and Council's allegations that the Battles conspired with state actors namely Defendants Stephens and Sgt. Joe Doe—bringing them within the ambit of section 1983—are too conclusory to support relief.

To state a claim under section 1983, a plaintiff must allege that he was deprived of a constitutionally protected right "under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). "The under color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Id.* (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). "For a private citizen . . . to be held liable under section 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state actors" *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004) (citation omitted). To state such a claim, the plaintiff must allege: "(1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights." *Id.* (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 (1994)). "Allegations that are merely conclusory, without reference to specific facts, will not

12

suffice." *Priester*, 354 F.3d at 420 (citing *Brinkmann v. Johnson*, 793 F.2d 111, 113 (5th Cir. 1986)).

Here, Council provides only conclusory allegations of a conspiracy between the Battles and Defendants Stephens and Sgt. Joe Doe. He does not allege a specific agreement to commit an illegal act, nor does he supply facts demonstrating such an agreement. Thus, Council's claims against the Battles under section 1983 should be dismissed.

## Recommendation

Council's failure-to-prosecute claims against Texas Attorney General Paxton in his individual capacity and against Dallas County District Attorneys Watkins and Creuzot should be dismissed for lack of standing. Council's remaining claims should be dismissed under 28 U.S.C. § 1915(e)(2)(B). Specifically, Council's claims for monetary damages against Defendant Paxton and Defendants Jane and Joe Doe 1 and 2 with the State Disbursement Unit in their official capacities should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). Council's remaining claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Ordinarily, a *pro se* plaintiff should be granted the opportunity to amend his complaint prior to a dismissal, but leave to amend is not required when a plaintiff "has already pleaded his 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). For the reasons stated, Council's

claims are fatally infirm, and leave to amend is neither necessary nor warranted.

July 8, 2021.

                                               _____
                                               REBECCA RUTHERFORD
                                               UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).