IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **KENNETH COUNCIL,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:21-CV-613-L-BT** |
| § | |
| **BRENDA BATTLE; TIM BATTLE; JOHN** § | |
| **CREUZOT; NFN STEPENS; JOE DOE;** § | |
| **KEN PAXTON; CRAIG WATKINS;** § | |
| **JANE/JOE DOE 1; and JANE/JOE DOE 2,** § | |
| § | |
| Defendants. § | |

## ORDER

On July 8, 2021, the United States Magistrate Judge entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 9) ("Report"), recommending that the court dismiss without prejudice for lack of standing Plaintiff's failure-to-prosecute claims against Dallas County District Attorneys Craig Watkins and John Creuzot, and Texas Attorney General Ken Paxton in his individual capacity; dismiss with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), Plaintiff's claims for monetary damages against Ken Paxton and Defendants Jane and Joe Doe 1 and 2 with the State Disbursement Unit in their official capacities, and dismiss with prejudice Plaintiff's remaining claims under 28 U.S.C. § 1915(e)(2)(B)(ii). Because Plaintiff was previously given the opportunity to amend his pleadings, the magistrate judge determined that he has stated his "best case" and should not be allowed to further amend his pleadings. No objections to the Report were filed.

**Order – Page 1**

Having considered the pleadings, Report, file, and record in this case, the court determines that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses without prejudice** for lack of standing Plaintiff's failure-to-prosecute claims against Dallas County District Attorneys Craig Watkins and John Creuzot, and Texas Attorney General Ken Paxton in his individual capacity; **dismisses with prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), Plaintiff's claims for monetary damages against Ken Paxton and Defendants Jane and Joe Doe 1 and 2 with the State Disbursement Unit in their official capacities, and **dismisses with prejudice** Plaintiff's remaining claims under 28 U.S.C. § 1915(e)(2)(B)(ii). Further, the court agrees that, because Plaintiff was previously given the opportunity to amend his pleadings, he has stated his "best case" and will not be allowed to further amend his pleadings.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Plaintiff, however, may challenge this finding pursuant to *Baugh v. Taylor*, 117 F. 3d 197 (5th Cir. 1997), by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Fifth Circuit, within 30 days of this order.

**It is so ordered** this 30th day of July, 2021.

_____
Sam A. Lindsay
United States District Judge